IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THERON RILEY, JR.,                :
    Plaintiff,              :
vs.                               :    CIVIL ACTION 21-00203-JB-B
STEVE BILLY, *et al.*,            :
    Defendants.             :

## REPORT AND RECOMMENDATION

Plaintiff Theron Riley, Jr., an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon careful review, it is recommended, prior to service of process and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii), that Riley's claim for relief under criminal laws be dismissed **with prejudice** as frivolous; that Riley's claims against Defendants Jeffrey White, Todd Stern, and Steve Billy be dismissed **with prejudice** as frivolous; that Riley's claim against Defendants Richard Hetrick and Melissa Floyd for failure to report the assault as a crime be dismissed **with prejudice** as frivolous, and that Riley's claim for failure to intervene be dismissed **without prejudice** for failure to state a

1

claim upon which relief can be granted. To the extent that Riley can state a claim for failure to intervene against Defendants Richard Hetrick and Melissa Floyd, he shall file a proposed amended complaint (on this Court's § 1983 complaint form) with objections to this report and recommendation. Riley's claim against Defendant Hetrick for forcing the administration of Thorazine shots on him should proceed in this action.

## I. Nature of Proceedings.

Riley filed this action in the Northern District of Alabama, and subsequent thereto, the case was transferred to this Court. Because Riley's complaint was not on the Court's complaint form, he was ordered to refile his complaint on this Court's § 1983 complaint form. (Doc. 6, PageID.3). Riley's amended complaint, which is on this Court's complaint form, is before the Court for screening. (Doc. 8, PageID.9).[1]

In Section III of the complaint form,[2] Riley identifies the following individuals as Defendants: Todd Stern, Escambia County

---

[1] Riley was advised that his amended complaint would supersede his prior complaint; thus, he should not reference or seek to incorporate his prior complaint. (Doc. 6 at 1, PageID.3).

[2] The Court's complaint form advises that "[t]he persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action." (Doc. 8 at 1(D), PageID.9). The Court further advises that "[i]f there are additional defendants, you may list them on separate pages using the same outline above[,]" which Plaintiff did. (Id. at 8 (III, C), PageID.16).

Judge; Steve Billy, Escambia County District Attorney; Jeffrey White, Escambia County Judge; Richard Hetrick, Warden at Escambia County Jail; and Melissa Floyd, Lieutenant at Escambia County Jail.[3]  (Id. at 7, 9, PageID.15, 17).

According to Riley, on November 17, 2020, while attending a bond hearing, he passed by the District Attorney's office and observed the District Attorney sitting behind his desk, with the door closed.  (Id. at 4, PageID.12).  He softly said, "F_ _ _ the D.A."  (Id.).  As he continued to walk, handcuffed and shackled, Bailiff Berry suddenly appeared and started choking and punching him.  (Id.).  Riley did not defend or brace himself because Berry was all over him.  (Id. at 4-5, PageID.17-18).  Berry threw him in a room by himself, and the bond hearing was continued to another day.  (Id. at 5, PageID.13).

According to Riley, his attorney, Charles Johns, met with Defendant District Attorney Billy, and it was agreed that Riley would be released on probation to community corrections.  (Id.).  However, when Riley went to sign the agreement, he was told that the deal was withdrawn because of the assault and the lawsuit.  (Id.).  Riley alleges that because of "this," the sheriff and Defendant Warden Hetrick forcibly gave him Thorazine shots for

---

[3] Although Riley alleges, in the body of his complaint, that "Bailiff Berry" attacked him, he has not listed Berry as a defendant in this action.

3

months. (Id.). Riley further alleges that Defendant Billy violated ethics canons by withdrawing the offer of community corrections when he filed a lawsuit. (Id.). Per Riley, his attorney sent him a letter that explained Defendant Billy's actions. (Id.).

In summary, Riley maintains that he was assaulted, while fully restrained by Bailiff Berry, and that Defendants Hetrick and Floyd failed to intervene, failed to protect him, and failed to report the "unlawful assault" as a crime. (Id. at 6, PageID.14). Riley further contends that Defendants White, Stern, and Billy, who are sworn to uphold the federal and state constitutions and laws, failed to intervene and protect him against an "unlawful" assault, and to report the assault as a crime, which is their lawful duty. (Id. & Id. at 7-8 PageID.15-16). Riley also contends that forcibly administering Thorazine shots to him, when such was not prescribed by a doctor for a medical condition, is a violation of his Eighth Amendment rights. (Id.).

For relief, Riley requests $50,000 and asks that all those involved be held responsible under applicable criminal and civil laws. (Id. at 10, PageID.11).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Riley is proceeding *in forma pauperis*, the Court is reviewing his Amended Complaint (Doc. 8) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be

4

dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d

5

1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir.)(citation and quotation marks omitted), cert. denied, 574 U.S. 1047 (2014). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

In a § 1983 action, there must be an affirmative causal connection between a violation of the plaintiff's rights based on the Constitution or federal law to a defendant's actions, omissions, orders, customs, or policies to state a claim. Troupe v. Sarasota Cnty., Fla., 419 F.3d 1160, 1165 (11th Cir.), cert. denied, 547 U.S. 1112 (2006); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Those claims that are causally connected to a Defendant will be addressed in this Report and Recommendation. Matters that are not causally connected to a Defendant do not state a § 1983 claim and, therefore, will not be discussed.

6

**A. Application of Criminal Law.**

In his amended complaint, Riley requests that all Defendants involved in violating his rights be held responsible under criminal law. (Doc. 8 at 10, PageID.18). This type of relief is not available in a civil action. Logan v. Hall, 604 Fed. Appx. 838, 841 (11th Cir. 2015)("The district court . . . was without authority to order an investigation [in]to the criminal acts alleged in the complaint, since that responsibility is entrusted to the executive branch of the government and not the judiciary."). "A decision to prosecute is within the United States Attorney's substantial discretion[.]" U.S. v. Ballard, 779 F.2d 287, 295 (5th Cir.), cert. denied, 475 U.S. 1109 (1986). Generally, "the courts are not free to interfere with the prosecuting officer's discretionary decision to prosecute crime." U.S. v. Spence, 719 F.2d 358, 361 (11th Cir. 1983). Further, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987). Accordingly, Riley's request for the criminal prosecution of those allegedly involved in violating his rights is not a cognizable claim.

**B. Claims Against Defendants White, Stern, and Billy.**

Turning to Riley's specific claims against Defendants White, Stern, and Billy, Riley alleges that these Defendants failed to intervene to protect him against from an "unlawful assault," and

they further failed to report the assault as a crime. (Doc. 8 at 7-8 PageID.15-16). With respect to Riley's failure to intervene claim, case law provides that "an officer can be held liable under 42 U.S.C. § 1983 for failing to intervene when a fellow officer uses excessive force if he or she is present at the scene and fails to take reasonable steps to protect the victim." Militello v. Sheriff of Broward Sheriff's Office, 684 Fed. Appx. 809, 813 (11th Cir. 2017)(emphasis added)(citations and internal quotation marks omitted); see Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002); Hadley v. Gutierrez, 526 F.3d 1324, 1331 (11th Cir. 2008). An examination of caselaw reflects that failure-to-intervene claims have been recognized in claims against law enforcement and correctional officers. Militello, 684 Fed. Appx. at 810 (deputies); Skrtich, 280 F.3d at 1299 (prison officers). However, Riley identifies Defendants White and Stern as judges and Defendant Billy as a district attorney. They are not officers who are responsible for controlling inmates or who arrest persons and have training in the use of force. Based on a review of caselaw, a claim for failure to intervene has not been extended so as to include judges and district attorneys. Cf. Jones v. Cannon, 174 F.3d 1271, 1286 (11th Cir. 1999)(refusing to extend an excessive-force failure-to-intervene claim to an officer who knew another officer fabricated a confession contained in a police report but did not intervene); Lepone-Dempsey v. Carroll Cnty. Commr's., 159 Fed.

Appx. 916, 920 (11th Cir. 2005)("Our precedent suggests, . . ., that the duty to intervene does not necessarily extend to every conceivable situation involving a constitutional violation."). Furthermore, Riley's allegations do not reflect that Defendants White, Stern, and Billy were present during the alleged assault by Bailiff Berry.[4] Thus, Plaintiff's failure-to-intervene claim against these Defendants is due to be dismissed with prejudice as frivolous.

Riley's second claim against these three Defendants is for failure to report the assault as a crime. The Court is not aware of any legal authority that would support Riley's claim that he has a constitutional or federal right that was violated by Defendants White, Stern, and Billy's failure to report the assault as a crime. There is, however, a criminal offense for failure to report a felony, namely, misprision of a felony. "Misprision of a felony requires both knowledge of a crime and some affirmative act of concealment or participation.... [M]ere failure to report a known felony would not violate 18 U.S.C. § 4." U.S. v. Weekley, 184 Fed. Appx. 903, 903-04 (11th Cir. 2006)(quoting Itani v. Ashcroft, 298 F.3d 1213, 1216 (11th Cir. 2002)). Riley has not

---

[4] It is not clear exactly where the alleged assault occurred or who actually witnessed the encounter. At one place in his amended complaint, Riley asserts that he was going through the backroom into the courtroom when he was attacked, and later, in the amended complaint, he asserts that the attack occurred in Jeffrey White's courtroom. (Doc. 8 at 4, PageID.12; Doc. 8 at 8, PageID.16).

9

alleged any acts of concealment, and more importantly, as a private citizen, Riley has no interest in the prosecution of someone for a violation of criminal law. Otero, 832 F.2d at 141 ("a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another"). Therefore, his claim against Defendants Stern, White, and Billy for failure to report a crime is frivolous and is due to be dismissed with prejudice.

Riley also asserts an additional claim against Defendant Billy for withdrawing the plea agreement due to the assault and an "unidentified" lawsuit. (Doc. 8 at 5, PageID.13). In a § 1983 action, a prosecutor is entitled to absolute prosecutorial immunity from damages for performing his function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993). A prosecutor is protected with absolute immunity so as not to "impair the performance of a central actor in the judicial process." Malley v. Briggs, 475 U.S. 335, 343 (1986). This immunity encompasses acts or omissions associated "with the judicial phase of the criminal process," particularly, those taken in initiating a prosecution and in presenting the government's case. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984). "[T]he absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed in order to prevent a

flood of claims against the remainder of prosecutors performing their duties properly." Hart v. Hodges, 587 F.3d 1288, 1298 (11th Cir.), cert. denied, 560 U.S. 953 (2010). However, absolute immunity does not extend to a prosecutor when he is not acting as an advocate for the state, although he may be entitled to qualified immunity in that instance. Id. Thus, courts look to the function the prosecutor is performing in deciding the issue of absolute prosecutorial immunity. Imbler, 424 U.S. at 430.

The judicial phase of a criminal proceeding encompasses plea negotiations. Santobello v. New York, 404 U.S. 257, 260 (1971) ("The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice."). Because plea negotiations are an essential element of the criminal justice system, a prosecutor's actions in the plea-bargaining process are protected by absolute prosecutorial immunity. Taylor v. Kavanagh, 640 F.2d 450, 453 (2d Cir. 1981); see Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001) ("immunity attaches to [the prosecutor's] function, not to the manner in which he performed it")(citation and quotation marks omitted); Burhman v. Wilkinson, 2003 WL 23770597, at *16 (S.D. Ohio)(unpublished)(the withdrawal from a plea agreement was intimately connected with the prosecutors' role as advocates and therefore was covered by prosecutorial immunity), adopting 257 F.

Supp.2d 1110 (S.D. Ohio 2003); Lhevan v. Spitzer, 2018 WL 4501172, at *10 (C.D. Cal.)(unpublished)(prosecutor entitled to prosecutorial immunity for filing new charges against the plaintiff when the plaintiff attempted to withdraw his guilty plea), adopted 2018 WL 4492416 (C.D. Cal. 2018); cf. Brooks v. George Cnty., Miss., 84 F.3d 157, 168 (5th Cir. 1996)(the acts of requesting entry of an order of *nolle prosequi* of criminal charges, of preparing the order for the court to memorialize the same, and of forwarding the order to the clerk for filing are all acts "intimately associated with the judicial phase of the criminal process" entitling a prosecutor to absolute immunity), cert. denied, 519 U.S. 948 (1996).

In this action, Defendant Billy is identified as a prosecutor; thus, his alleged withdrawal of the plea agreement, for whatever reason, is an act that is part of the judicial process for which he is entitled to absolute prosecutorial immunity from damages. Further, Riley's assertion that Defendant Billy violated ethics canons (Doc. 8 at 5, PageID.13) as well as Riley's freedom of speech (id. at 6, PageID.14) do not divest Defendant Billy of his absolute immunity. See Queen v. Feden, 2005 WL 1941693, at *15 (D. Kansas 2005)("The fact that [the prosecutor] may have pressured [the plaintiff] to enter a guilty plea or made threats to withdraw the plea agreement and file new charges against [the plaintiff] if he failed to cooperate with the federal investigation does not

change the outcome. . . . Immunity attaches to the activity or function and is not dependent on the manner in which it is performed or the motive behind it.")(unpublished)(citation and quotation marks omitted). Therefore, Riley's claim against Defendant Billy for withdrawing the plea agreement is frivolous and is due to be dismissed with prejudice.

**C. Claims Against Hetrick and Floyd.**

    **1. Claim for Failure to Report Crime.**

The remaining Defendants listed in Riley's amended complaint are Richard Hetrick, Warden at Escambia County Jail, and Melissa Floyd, Lieutenant at Escambia County Jail. (Doc. 8 at 9, PageID.17). Riley contends that these Defendants failed to intervene to protect him from an "unlawful assault" by Bailiff Berry, and they also failed to report the assault as a crime. For the reasons set forth above, with respect to Riley's failure to report claim against Defendants White, Stern, and Billy, see infra, this same claim against Defendants Hetrick and Floyd is frivolous and is due to be dismissed with prejudice.

    **2. Claims for Failure to Intervene.**

With respect to Riley's failure-to-intervene claim, the undersigned recognizes that, unlike Defendants White, Stern, and Billy, Defendants Hetrick and Floyd are officers. Thus, they could be subjected to a failure to intervene claim in the context of an "unlawful assault." However, in this case, Riley has not stated

a plausible claim against Defendants Hetrick and Floyd. Riley does not allege, and there are no facts which suggest, that either was present when the "unlawful assault" occurred or that they were in a position to intervene. Furthermore, the complaint is devoid of facts describing any injuries, if any, received by Riley or his status as a pretrial detainee or prisoner.[5] In the absence of these facts, Riley has failed to state a claim upon which relief can be granted against Defendants Hetrick and Floyd on a failure-to-intervene claim. This claim is due to be dismissed without prejudice; however, to the extent Riley can allege facts sufficient to state a failure-to-intervene claim against Defendants Hetrick and Floyd, he shall include a proposed amended complaint in objections to this report and recommendation.

### 3. Claim for Forced Administration of Thorazine.

Additionally, Riley alleges that following the alleged assault, Defendant Warden Hetrick "began forcing Thorazine shots on [him][, which] continued for months[.]" (Doc. 8 at 5, PageID.13). Riley further alleges that "forc[ing] Thorazine on a person not prescribed by a doctor based on any known medical condition is a violation of [his] Eighth Amendment rights[.]" (Id. at 6, PageID.14). The facts concerning this claim are sparse. Riley does not state that Defendant Hetrick gave him an actual shot or

---

[5] Riley merely asserts that he was a county inmate.

directed that the shots be administered to him. He also fails to identify who actually gave him the shot and the condition or behavior that allegedly warranted treatment with Thorazine. Despite these shortcomings, his allegations suffice to nudge this claim across the line from the conceivable to the plausible. Twombly, 550 U.S. at 570. Cf. Leeks v. Cunningham, 997 F.2d 1330, 1334 (11th Cir.), cert. denied, 510 U.S. 1014 (1993)(finding the contract doctor was entitled to qualified immunity on the pretrial detainee's § 1983 claim that he was subjected to the antipsychotic Thorazine against his will as the law was not clearly established). Therefore, this claim against Defendant Hetrick will proceed in this action.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii), Riley's claim for relief under criminal laws be dismissed **with prejudice** as frivolous; his claims against Defendants Jeffrey White, Todd Stern, and Steve Billy for failure to intervene and failure to report assault be dismissed **with prejudice** as frivolous; his claim against Defendant Billy for withdrawing the plea agreement be dismissed **with prejudice** as frivolous; and his claims against Defendants Richard Hetrick and Melissa Floyd for failure to report the assault as a crime be dismissed **with prejudice** as frivolous. The undersigned further

15

recommends that Riley's failure to intervene claim against Defendants Richard Hetrick and Melissa Floyd be dismissed **without prejudice** for failure to state a claim upon which relief can be granted; however, to the extent Riley can state a plausible claim against Defendants Hetrick and Floyd for failure to intervene, he shall file a proposed amended complaint with objections to this report and recommendation. Riley's claim against Defendant Hetrick for forcing the administration of Thorazine shots upon him will proceed in this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review

16

on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **July, 2021.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**